UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, et al.,<br><br>Defendants. | Case No. 19-cv-07897-LB<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: ECF No. 17 |

## INTRODUCTION

The plaintiffs, a group of environmental organizations, sued the National Marine Fisheries Service, the Fish and Wildlife Service, and their officials (collectively, the "federal defendants"), challenging the agencies' adoption of biological opinions regarding the effects of two water projects on endangered species.[1] The two water projects at issue are the Central Valley Project and

---

[1] Compl. – ECF No. 1 at 1 (¶ 1). The plaintiffs are six environmental organizations: (1) Pacific Coast Federation of Fishermen's Associations; (2) Institute for Fisheries Resources; (3) Golden State Salmon Association; (4) Natural Resources Defense Council, Inc.; (5) Defenders of Wildlife; (6) Bay.Org d/b/a The Bay Institute. *Id*. at 5–10 (¶ 14–20). The named individual defendants are Secretary of Commerce Wilbur Ross, Assistant Administrator for Fisheries Chris Oliver, Secretary of Interior David Bernhardt, and Acting Director of the Fish and Wildlife Service Margaret Everson.

Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-07897-LB

the State Water Project.[2] They divert water from rivers and bays in Northern California to other parts of the state.[3] The plaintiffs allege that the water projects contribute to the decline of various endangered fish species.[4] In January 2019, the federal Bureau of Reclamation, which operates the water projects, proposed a new plan to increase the projects' water diversions.[5] The federal defendants concluded, based on the biological opinions, that the proposed plan would not jeopardize endangered fish species.[6] The plaintiffs then sued to (1) seek declaratory relief finding that the biological opinions are arbitrary and capricious, and (2) enjoin federal defendants from acting in reliance of the opinions.[7]

The San Luis & Delta-Mendota Water Authority ("SLDMWA") and Westlands Water District ("Westlands") moved to intervene as defendants.[8] The SLDMWA consists of 28 member agencies, including Westlands, that supply water from the Central Valley Project for farms, communities, and wildlife.[9] The Intervenors moved to intervene either as a matter of right or permissively. Plaintiffs opposed the motion to intervene as of right, but conceded that the intervenors have met the requirements to intervene permissively. The court grants permissive intervention.

## ANALYSIS

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). An applicant requesting permissive intervention "must prove that it meets three threshold

---

[2] *Id*. at 2 (¶ 2).
[3] *Id*.
[4] *Id*. at 2 (¶ 3).
[5] *Id.* at 2–3 (¶¶ 2, 5).
[6] *Id*. at 5 (¶¶ 9–13)
[7] *Id*. at 47.
[8] Motion to Intervene – ECF No. 17 at 3.
[9] *Id.* at 9.

ORDER – No. 19-cv-07897-LB                    2

requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id.*

Plaintiffs do not dispute that the intervenors can intervene permissively.[10] Plaintiffs ask only that the court limit intervenor filings to those that are not duplicative of filings by the federal defendants.[11] The court does not impose those restrictions at this time. Instead, the court will address case-management issues when they arise.

Accordingly, the court grants the intervenors permissive intervention.

## CONCLUSION

This disposes of ECF No. 17.

**IT IS SO ORDERED.**

Dated: January 27, 2020

_____
LAUREL BEELER
United States Magistrate Judge

---

[10] Opp'n – ECF No. 29 at 12.

[11] *Id.* at 13.