UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR ROSS, et al.,<br><br>Defendants. | Case No. 19-cv-07897-LB<br><br>**ORDER GRANTING MOTIONS TO TRANSFER**<br><br>Re: ECF Nos. 40, 50 |

**INTRODUCTION**

In this lawsuit, the plaintiffs, a group of six environmental organizations, sued the National Marine Fisheries Service and the U.S. Fish and Wildlife Service (and their official representatives), challenging final agency action in the form of each agency's adoption of a biological opinion regarding the long-term operation of the Central Valley Project and the State Water Project (collectively, "Water Projects") under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. The plaintiffs claim that the opinions increase the risk of extinction of endangered and threatened salmon, steelhead, and Delta Smelt.[1] The plaintiffs also sued the U.S. Bureau of

---

[1] FAC – ECF No. 52 at 1 (¶¶ 1–2), 57–62 (¶¶ 168–83). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The plaintiffs are six environmental organizations: (1) Pacific Coast Federation of Fishermen's Associations; (2) Institute for Fisheries Resources; (3) Golden State Salmon Association; (4) Bay.Org

ORDER – No. 19-cv-07897-LB

Reclamation (and its official representatives), claiming violations of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)((2), and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*[2]

The court previously granted permissive intervention to intervenor-defendants San Luis & Delta-Mendota Water Authority and Westlands Water District (collectively, the "Water Agencies").[3] The federal defendants and the Water Agencies have moved to transfer this action to the Eastern District of California.[4] The plaintiffs opposed the transfer motions and also filed a motion for a preliminary injunction.[5]

The parties agree, and the court finds, that the transfer motions are suitable for determination without oral argument.[6] N.D. Cal. Civ. L. R. 7-1(b). The court grants the motions and transfers this action and the related case, *California Natural Resources Agency et. al. v. Ross et. al.*, No. 3:20-cv-01299-LB, to the United States District Court for the Eastern District of California.[7]

## STATEMENT

### 1. The Relevant Biological Opinions

In two biological opinions (one issued in 2008 by the U.S. Fish and Wildlife Service and one issued in 2009 by the National Marine Fisheries Service), the Water Projects were authorized to

---

d/b/a The Bay Institute; (5) Natural Resources Defense Council, Inc.; and (6) Defenders of Wildlife. *Id.* at 8–12 (¶ 20–26).

[2] *Id.* at 62–67 (¶¶ 184–99). The named individual defendants are Secretary of Commerce Wilbur Ross, Assistant Administrator for Fisheries Chris Oliver, Secretary of Interior David Bernhardt, Director of Fish and Wildlife Service Aurelia Skipwith, Commissioner of Bureau of Reclamation Brenda Burman, and Acting Director of the Fish and Wildlife Service Margaret Everson. *Id.* at 15–16 (¶ 34). Ms. Everson is not a named defendant in the "Parties" section of the FAC, but the plaintiffs name her as a defendant in claim two, charging an APA violation. *Id.* at 60.

[3] Order – ECF No. 37.

[4] Mots. – ECF Nos. 40, 50.

[5] Opp'n – ECF Nos. 51, 80; Mot. – ECF No. 81.

[6] Joint Statement – ECF No. 89 at 4. The court had a hearing on March 5, 2020 and discussed issues related to the transfer motions. Minute Entry – ECF No. 78.

[7] The parties agreed at the March 5 hearing that the same transfer analysis applied to both cases and confirmed this in their joint status statement. Joint Statement – ECF No. 89 at 4–5.

kill, as incidental to their operations, a limited number of threatened and endangered species of fish.[8] In 2016, after years of drought, the agencies reinitiated consultation under the Endangered Species Act.[9] In January 2019, the Bureau of Reclamation issued a biological assessment for a new operating plan for the Water Projects.[10] The plaintiffs claim that the assessment increased the pumping of water from the Sacramento Delta (for export to the Central Valley and Southern California) and weakened or eliminated operational requirements in the 2008 and 2009 opinions that protected listed fish populations.[11]

In July 2019, biologists at the Fisheries Service prepared a biological opinion that concluded that "Reclamation's proposed plan was likely to jeopardize listed salmon and steelhead . . . and was likely to destroy or adversely modify critical habitat, in violation of the Endangered Species Act."[12] Then, on October 21, 2019, the Fisheries Service issued a biological opinion that concluded — in contrast to the July 2019 opinion — that Reclamation's proposed plan was not likely to jeopardize the existence of winter-run and spring-run salmon and Central Valley steelhead beyond that permitted under its 2009 opinion.[13] Similarly, Fish and Wildlife Service issued an opinion that Reclamation's proposed plan was not likely to jeopardize the continued existence of the Delta Smelt or modify its habitat.[14] On February 18, 2020, Reclamation adopted its proposed plan and began implementing the altered operations of the Central Valley Project.[15]

---

[8] FAC – ECF No. 52 at 3–4 (¶ 6).
[9] *Id.* at 3–4 (¶ 1), 5 (¶ 10).
[10] *Id.* at 4 (¶ 7).
[11] *Id.*
[12] *Id.* at 5 (¶ 10).
[13] *Id.* at 5–6 (¶ 12).
[14] *Id.* at 5 (¶ 11).
[15] *Id.* at 6 (¶ 14).

## 2. Relevant Procedural History

The plaintiffs filed their First Amended Complaint on February 24, 2020, claiming (1) violations of the APA by the National Marine Fisheries Service and the U.S. Fish and Wildlife Service (and their official representatives), and (2) violations of the ESA and NEPA by the Bureau of Reclamation (and its official representatives).[16]

The court granted permissive intervention to the Water Agencies (San Luis & Delta-Mendota Water Authority and Westlands Water District).[17] On March 13, 2020, the parties stipulated to permissive intervention by the Sacramento River Settlement Contractors and the Tehama-Colusa Canal Authority.[18] Certain state water agencies also moved to intervene: the Metropolitan Water District of Southern California, Kern County Water Agency, Central Coast Water Agency, and Solano County Water Agency.[19] The plaintiffs oppose the motion to intervene.[20] It is fully briefed on March 24, 2020.[21] The plaintiffs filed a motion for a preliminary injunction on March 5, 2020.[22] The oppositions are due March 26, 2020 (for the federal defendants) and March 31, 2020 (for the intervenor defendants), and the plaintiffs' reply is due April 9, 2020.[23]

In a related case filed on February 20, 2020, *California Nat'l Res. Agency v. Ross*, No. 3:20-cv-01299-LB (N.D. Cal.), the State of California and state agencies sued the National Marine Fisheries Service, the U.S. Fish and Wildlife Service, and the U.S. Bureau of Reclamation (and their official representatives), also challenging the October 2019 biological opinions as violations of the APA, ESA, and NEPA.[24] The federal defendants have not appeared.[25] San Luis & Delta-

---

[16] *Id.* at 57–67 (¶¶ 168–99).

[17] Order – ECF No. 37.

[18] Stipulation – ECF No. 99 at 4.

[19] Mot. – ECF No. 63. The motion is currently pending before the court.

[20] Opp'n – ECF No. 106.

[21] *See* docket text accompanying ECF No. 63.

[22] Mot. for Prelim. Inj. – ECF No. 81.

[23] Order – ECF No. 101.

[24] Compl., No. 3:20-cv-01299-LB – ECF No. 1.

[25] *See* docket.

Mendota Water Authority and Westlands Water District (again, collectively, the "Water Agencies" and intervenors in this case) moved to intervene.[26] The opposition is due March 24, 2020, and the reply is due March 30, 2020.[27] The state water agencies, including the Metropolitan Water District of Southern California, Kern County Water Agency, Central Coast Water Agency, and Solano County Water Agency, also moved to intervene.[28] The opposition is due April 2, 2020, and the reply is due April 9, 2020.[29] The California plaintiffs oppose the transfer motion in the related case for the reasons that the plaintiffs in this case oppose the transfer motion in this case.[30] They acknowledge that "given the significant overlap in the two cases, California believes that the Court's ruling" on the transfer motion in this case" "may decide the issue in the present [meaning, related] case as well."[31]

The related case in the Eastern District of California is *Natural Resources Defense Council v. Bernhardt*, E.D. Cal., Case No. 1:05-cv-01207-LJO-EPG. The Federal Defendants recount the substantial litigation in the Eastern District of California.[32]

**GOVERNING LAW**

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision to rather than a codification of the common law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29,

---

[26] Mot. to Intervene – ECF No. 13.

[27] *See* docket text accompanying ECF No. 13.

[28] Mot. to Intervene – ECF No. 24.

[29] *See* docket text accompanying ECF No. 24.

[30] Response to Mots. To Transfer, No. 3:20-cv-01299-LB – ECF No. 22. At a1–2.

[31] *Id.* at 2.

[32] Mot. to Transfer – ECF No. 40 at 10–13; Reply – ECF No. 58 at 5–12–13.

ORDER – No. 19-cv-07897-LB    5

32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified additional factors that a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If

the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*.

## ANALYSIS

The parties do not dispute that the case could have been brought in the Eastern District of California. They dispute only whether transfer is appropriate based on the "convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).

Given the Eastern District's local interest in the case and other considerations about judicial economy, the court transfers both cases.

**1. Plaintiffs' Choice of Forum and the Eastern District's Local Interest**

Although the plaintiffs' choice of forum is entitled to some deference, the Eastern District's significant ties to the case outweigh the plaintiffs' choice of forum.

Generally, "unless the balance of the § 1404(a) factors 'is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.'" *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080 (N.D. Cal. 2008) (quoting *Secs. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)); *see also Decker*, 805 F.2d at 843 ("[D]efendant must make a strong showing ... to warrant upsetting the plaintiff's choice of forum."). "This is especially true when a plaintiff chooses to sue in its 'home turf.'" *Natural Wellness Ctrs. of Am. v. J.R. Andorin Inc.*, No. 11-04642 EDL, 2012 WL 216578, at *10 (N.D. Cal. Jan. 24, 2012).

But sometimes a plaintiff's choice of forum is entitled to only minimal weight, "*even if* the plaintiff is a resident of the forum." *Chesapeake Climate Action Network v. Export-Import Bank of the U.S.*, No. 13-cv-03532-WHA, 2013 WL 6057824, at *2 (N.D. Cal. Nov. 15, 2013) (emphasis in original). "[T]he deference accorded to a plaintiff's chosen forum should be balanced against the extent of both the defendant's and plaintiff's contacts with the chosen forum, including those relating to plaintiff's claims." *Ctr. for Biological Diversity v. Export-Import Bank*, No. C 12-6325 SBA, 2013 WL 5273088, at *5 (N.D. Cal. Sept. 17, 2013) (citing *Pac. Car & Foundry v. Pence*, 403 F.2d 949 (9th Cir. 1968)). "If the operative facts have not occurred within the forum of

original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal deference." *Pac. Car & Foundry*, 403 F.2d at 954.

Moreover, "in most environmental cases, the issue of which federal district should adjudicate the issues is determined by weighing the plaintiff's choice of forum against 'having localized controversies decided at home.'" *Ctr. for Biological Diversity & Pac. Env't v. Kempthorne*, No. C 07-0894 EDL, 2007 WL 2023515, at * 5 (N.D. Cal. July 12, 2017) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) (citation omitted)); *see Bay.org v. Zinke*, No. 17-cv-03739-YGR, No. 17-cv-03742-YGR, 2017 WL 3727467, at *3–4 (N.D. Cal. Aug. 30, 2017) (transferring case — involving APA and ESA challenges to federal agencies' actions about water projects and fish species — to the Eastern District of California in part because the plaintiffs were (essentially) advocacy groups with regional, state-wide, or national heft, and in part because local interests favored transfer because the challenged projects took place primarily in the Eastern District).

Here, as in *Zinke*, the plaintiffs have a regional, state-wide, or national presence. Also, the critical habitats are in the Eastern District of California, and the reservoirs affected by the Water Projects are located there too.[33] There are other ties to the Eastern District.[34] The local interests thus favor transfer. *See Zinke*, 2017 WL 3727467 at *4; *see also Sierra Club v. Angelle*, 19-cv-03263-RS, Slip. Op., at *5–6 (N.D. Cal. Nov. 26, 2019) (transferring case because, while the plaintiffs have "more-than-minimal deference" in their choice forum, the strong ties to the transferee-district "dwarf[ed]" this deference).

**2. Interests of Justice**

The interests of justice favor transfer too.

---

[33] Souza Decl. – ECF No. 40-2 at 3 (¶¶ 6–7) ("[a]approximately 85% of the total critical habitat designation occurs in" the Eastern District); Brown Decl. – ECF No. 40-3 at 2 (¶ 6) (estimating "more than 95%" of the critical habitat "occurs in the Central Valley").

[34] Souza Decl. – ECF No. 40-2 at 2–3 (¶¶ 3–5) (personnel and agency responsible for the biological opinion are located in the Eastern District); Brown Decl. – ECF No. 40-3 (¶¶ 3–4) (agency personnel and administrative records are located in Eastern District).

ORDER – No. 19-cv-07897-LB            8

"A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice." *Chesapeake*, 2013 WL 6057824 at *3. "In evaluating the 'interest of justice,' the pendency of related actions in the proposed transferee forum is a highly persuasive factor." *Wiley v. Trendwest Resorts, Inc.*, No. 04-cv-4321-SBA, 2005 WL 1910934, at *3 (N.D. Cal. Aug. 10, 2005) (internal citations omitted).

On balance, these factors favor transfer too. The case here — like the case in the Eastern District — is a challenge to the federal agencies' operation of the Water Projects and a purported failure to consider harmful effects on listed fish in the Sacramento River. *NRDC v. Bernhardt*, 1:05-cv-01207-LJO-EPG, 2020 WL 364098, at *1–2, 7 (E.D. Cal. Jan. 22, 2020); *see also Pac. Coast Fed'n v. Gutierrez*, No. 05-cv-3232-JCS, 2006 WL 194507, at *1 (N.D. Cal. Jan. 24, 2006) (cases were similar when both involved the same water projects and "both represent an attempt by environmental and fishing groups to ensure that the impacts of [] operational changes [of the projects] on federally listed fish species are adequately considered"). The facts do not need to be identical to merit transfer of the case. *Zinke*, 2017 WL 3727467 at *4–5 (the WaterFix project is "distinct" from the projects in the related cases in the Eastern District, but "a relationship exists between" the underlying challenged biological opinions in the cases such that transfer is warranted); *see also NRDC v. Norton*, No. 05-cv-00690-CW, Slip. Op., *6 (N.D. Cal. Sept. 6, 2005) (interests of justice favor transfer even though "the cases do not involve identical factual records and legal duties").

The court is mindful about the Eastern District's docket. As the court said at the March 5, 2020 hearing, it talked with the trial judge in the Eastern District (a process that the Manual on Complex Litigation encourages), and it is satisfied that — despite the enormous workload there — the district has the expertise and the bandwidth to address the lawsuit. *See also Bernhardt*, 2020 WL 364098 at *8 (previous trial judge recounted the transition of the case "through various means, including transfer of staff with extensive experience"); *cf. Zinke*, 2017 WL 3727467 at *5 (transferring case to the Eastern District of California because the court there had "not only factual and technical knowledge regarding the water systems at issue and the different water projects[,]

but also . . . 'knowledge of the consultation processes" involved in developing the biological opinions); *Pac. Coast Fed'n of Fishermen's Ass'n v. U.S. Dept. of Interior*, 12-cv-2158-JSC, 2012 WL 3236163, at *4 (N.D. Cal. Aug. 6, 2012) (addressing the burdens of the Eastern District of California).

This factor weighs in favor of transfer.

### 3. Convenience of the Witnesses and the Parties

In environmental cases involving an administrative record, factors such as convenience "are for the most part not implicated." *Ctr. for Bio. Diversity and Pac. Environ*, 2007 WL 2023515 at *5. This is because "[t]here are no witnesses to provide, and documentary evidence is as easily provided in one venue as another, especially in this age of electronic transmission." *Id.*; *see also Pac. Coast Fed'n of Fishermen's Ass'n*, 2012 WL 3236163 at *5 ("The convenience of the parties and witnesses and ease of access to evidence are also neutral factors because it is undisputed that the case will be decided on the administrative record.").

The federal defendants concede that the convenience factors may not be implicated "in administrative cases like this one."[35] Moreover, the agencies and officials involved with the challenged biological opinions are in Sacramento.[36] This factor does not militate against transfer and is neutral at worst. *See Pac. Coast Fed'n of Fishermen's Ass'n*, 2012 WL 3236163 at *5.

---

[35] Mot. – ECF No. 40 at 21.

[36] Souza Decl. – ECF No. 40-2 at 2–3 (¶¶ 2–5); Brown Decl. – ECF No. 40-3 at 1–2 (¶¶ 1–3).

ORDER – No. 19-cv-07897-LB 10

**CONCLUSION**

The court transfers this case and the related case — *California Natural Resources Agency et. al. v. Ross et. al.*, No. 3:20-cv-01299-LB[37] — to the Eastern District of California. The briefing deadlines remain in place.

This disposes of ECF Nos. 40 and 50.

**IT IS SO ORDERED.**

Dated: March 20, 2020

_____
LAUREL BEELER
United States Magistrate Judge

---

[37] The parties and intervenors in this case have consented. Not all parties have appeared in the related case. But the undersigned can issue a non-dispositive order transferring the case. *See Kinney v. Gutierrez*, No. 3:16-cv-02278-LB, 2016 WL 4268679, at *1 (N.D. Cal. Aug. 15, 2016) (citing *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013)).